## Gilmore *v.* Philadelphia & Reading R. R., Appellant.

*Negligence—Railroad Companies—Station—Stairways.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, it appeared that at the station where the accident occurred a highway passed over the railroad by a bridge, and that a stairway led from the station to the bridge. In making some alterations in the station, defendant's contractor had removed the stairway, and replaced it by a narrower one. On account of the decreased width of the stairway, it was necessary to extend the hand rail on the bridge to fill the space left by the narrower stairway, but this had not been done when the accident occurred. On the afternoon of the day before, the contractor's workmen had placed a board across the opening, but this board was removed by some unknown person. The deceased crossed the bridge in the evening and descended the stairway to buy a ticket for a train which he intended to take the next morning. He purchased his ticket, reascended the stairs, reached the top, where he stopped to speak to some friends, and not knowing that the old rail had been removed, fell through the opening, and died from his injuries. On the day of the accident, and for some days previously the stairway had been in the use and control of defendant, and open for all persons going to and from its station. *Held,* that it was proper to submit the case to the jury.

*Independent contractor.*

The doctrine in regard to independent contractors does not apply to the facts of this case.

Argued Jan. 13, 1893. Appeal, No. 172, July. T., 1892, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1890, No. 229, on verdict for plaintiff, Ellen Gilmore. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for damages for death of plaintiff's husband.

At the trial, before WILLSON, J., it appeared that, Sunday evening, April 5, 1890, plaintiff's intestate died from injuries received by falling through an opening in the railing of a bridge over defendant's railroad, at a point where a flight of stairs from a highway crossing the bridge descended to the platform of the station. In making some alterations in the station, defendant's contractor had removed the stairway and replaced it by a narrower one. On account of the decreased width of the stairway, it was necessary to extend the hand rail on the

bridge to fill the space left by the narrow stairway. This had not been done on Saturday afternoon of April 4th, but the contractor's workmen when they quit work protected the opening by a piece of flooring board, which they drove into the hand rail and tied to the post. Several witnesses testified that on Saturday evening the opening was without a guard, and it was not contradicted that there was no guard or protection around the opening at the time of the accident. The deceased crossed the bridge in the evening, and descended the stairway to buy a ticket for a train which he intended to take the next morning. He purchased his ticket, reascended the stairs, reached the top, where he stopped to speak to some friends, and, not knowing that the old rail had been removed, fell through the opening, and died from his injuries. Defendant claimed that the alterations were being made by an independent contractor, but it appeared that, on the day of the accident and some days previously, the stairway had been in use and control of defendant, and open for all persons going to and from its station.

Defendant's points were as follows :

" 1. If the defendant, on quitting work on Saturday night, left the place where the accident occurred in a condition safe for the public, it had discharged its duty, and the plaintiff cannot recover, even though it was unsafe at the time of the accident." *Answer :* Refused. [1]

" 2. If you believe that the opening through which the decedent fell was properly closed on Saturday night, then the company is not responsible for the wrongful act of a stranger in making the opening after they had closed it." *Answer :* I affirm that point. Of course, the company would not be responsible for the wrongful act of anybody in removing the strip of wood, if it was placed there, provided it was not removed so long before the accident as to give them a fair opportunity of warning—imposing upon them a duty to close the opening. I have already intimated to you that if you see anything in the evidence which would lead you to the conclusion that that strip remained there from Saturday afternoon until a time very near the accident, and then that in some way it got out, you ought not to charge the railroad company with negligence, because it is entitled to a fair measure of time, in order that notice might be brought home, or that knowledge might come to those

who were in charge of the premises that the guard which had been placed there had been removed." [2]

" 3. The evidence shows that when the workmen left on Saturday night the opening complained of was closed.   Therefore the plaintiff cannot recover, as no negligence is shown, from the fact that in some unexplained way the opening was made after Saturday night."   *Answer :* Refused. [3]

" 4. The negligence here, if any, is that of an independent contractor, and the plaintiff cannot recover against the railroad company, but must sue the contractor."   *Answer :* Refused. [4]

" 5. No negligence has been shown here, and your verdict must be for the railroad company."   *Answer :* Refused. [5]

" 6. Under all the evidence your verdict must be for the railroad company."   *Answer :* Refused. [6]

Verdict and judgment for plaintiff for $3,664.   Defendant appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*Gavin W. Hart,* for appellant, cited: Pa. & Ohio Canal Co. v. Graham, 63 Pa. 290 ; Hahn v. P. W. & B. R. R., 22 W. N. 32 ; Lancaster Improvement Co. v. Rhoads, 116 Pa. 377 ; Allen v. Willard, 57 Pa. 374 ; Susquehanna Depot v. Simmons, 112 Pa. 384.

*D. Webster Dougherty,* for appellees, cited : Sh. & Redf., Neg. 368 ; Ellis v. Sheffield Gas Co., 75 E. C. L. R. 767 ; Com. v. McNaugher, 131 Pa. 55 ; Harrison v. Collins, 86 Pa. 153 ; Born v. Plank Road Co., 101 Pa. 334 ; Chartiers Gas Co. v. Lynch, 118 Pa. 362 ; Berberich v. Ebach, 131 Pa. 165 ; Chicago v. Robbins, 2 Black, U. S. 418.

PER CURIAM, January 30, 1893:

We find no error in this record.   The stairway leading from the bridge to defendant's station where the accident occurred was at that time and for some days previously in the use and control of the defendant company and open for all persons going to and from its station.   The deceased had used it in order to reach the station to buy his ticket.   The defendant may, therefore, be said to have invited the public to make use

of the bridge, and it was its duty to see that it was in a reasonably safe condition. We do not think the doctrine in regard to independent contractors applies to the facts of this case. While there was some conflict of testimony, the facts were for the jury.

Judgment affirmed.