Lineaweaver et ux. *v.* Wanamaker, Appellant.

Argued December 3, 1929. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Layton M. Schoch,* with him *Edwin C. Markel,* for appellant.—There was no sufficient evidence of any negligence on the part of defendant because under a theory of plaintiffs and uncontradicted, disinterested and in part documentary evidence in the case, the occurrence resulted solely from the action of an independent contractor and its employee or employees: Painter v. Mayor, 46 Pa. 213; Erie v. Caulkins, 85 Pa. 247; Joyce v. Black, 226 Pa. 408; Wolk v. Hotels Co., 284 Pa. 545; Allen v. Coal Co., 212 Pa. 54; Kapuscianski v. Coal & Iron Co., 289 Pa. 388.

It might be urged that the occurrence was one so unusual and extraordinary as not to render the defendant or any other liable: Wall v. Lit, 195 Pa. 375.

A juror should have been withdrawn because of the remarks by counsel for plaintiffs inducing the direct or indirect thought of a possible saving harmless of defendant, in whole or in part, against the results of the verdicts: Amey v. Erb, 296 Pa. 561.

*J. W. McWilliams,* with him *C. B. Wagoner* and *C. S. Wesley,* of *Tustin & Wesley,* for appellees.—Defendant's responsibility was not affected by the employment of a contractor: Truby & Truby v. Nolan, 86 Pa. Superior

Ct. 270; Doll & Sons v. Ribetti, 203 Fed. 593; McKeand v. Skirboll, 55 Pa. Superior Ct. 28; Gilmore v. R. R., 154 Pa. 375; Scott v. Erie, 297 Pa. 344; Bloomer v. Snellenburg, 221 Pa. 25.

Defendant itself was negligent: Murray v. Frick, 277 Pa. 190; Ryan v. Granite Co., 266 Pa. 105; Dougherty v. Traction Co., 257 Pa. 118; Kapuscianski v. R. R., 289 Pa. 388.

Remarks of appellee's counsel were proper: King v. Keller, 90 Pa. Superior Ct. 596; U. S. Circle Swing Co. v. Reynolds, 224 Pa. 577.

OPINION BY MR. JUSTICE WALLING, January 6, 1930:

The corporation department store, known as "John Wanamaker, Philadelphia," has in the center a large rectangular space called the grand court, which extends to the top of the building and is covered by a skylight. The latter consists of glass supported by steel girders, frames, etc. In the fall of 1927, the corporation, to increase the light and improve the ventilation, erected above the skylight and resting thereon what is known as a "monitor," being a structure composed largely of glass of the height of some fifteen feet and covering an oblong portion of the original skylight. It might be termed a skylight upon a skylight. The contract for its construction was let to the firm of Thomas S. Gassner Company, at a cost of $5,200. It was agreed that the store and court should remain open during the making of the improvement and Wanamaker's representative agreed with the Gassner Company as to what protective measures it should take to prevent accidents. Pursuant to this, a covering of tarpaulin was laid upon the frame of the old skylight, on which rested a double thickness of plank, laid crosswise. This plank platform extended in each direction six or eight feet beyond the space to be occupied by the monitor. Outside of this platform the skylight proper seems to have been unprotected except by the tarpaulin, of which there was none suspended

under the old skylight, either beneath or beyond the platform, to catch any glass that might accidentally be broken during the construction of the monitor. Furthermore, during such construction, the grand court was left open and freely used by employees and customers of the store.

On the morning of October 21, 1927, Charles Connor, an employee of the Gassner Company, while working near the top of the monitor, fell from a board which had been so negligently placed that it tipped with his weight, landed on the platform and seems to have slipped or slid onto the skylight, thus breaking a large piece of glass, which in its fall, was again broken by contact with the organ loft and one or more pieces of the broken glass struck Mrs. Clara Lineaweaver, a customer, just as she was entering the court. To recover for the injuries thus inflicted she and her husband brought this action against the John Wanamaker Company. The trial resulted in verdicts for plaintiffs and from judgments entered thereon defendant brought these appeals.

The proofs called for a submission of the case to the jury and the record discloses no trial errors. It is earnestly urged for appellant that the negligence was that of the Gassner Company, an independent contractor and, hence, that the defendant was not liable. The trial judge however, instructed the jury in substance, that verdicts for plaintiffs must be based upon a finding of negligence against the John Wanamaker Company and not because of the negligence of the Gassner Company or of any other person. The verdicts therefore imply a finding that the defendant was negligent. This the evidence justified, for it was the duty of the defendant store to exercise reasonable care and prudence under the circumstances, to protect its customers from harm. See Markman v. Bell Stores Co., 285 Pa. 378. A storekeeper who, at least impliedly, invites customers to come upon his premises must not expose them to any unreasonable risk. See Bloomer v. Snellenburg, 221 Pa. 25; Robb v.

Niles-Bement-Pond Co., 269 Pa. 298; 29 Cyc. 453. The rule is well summarized in Woodruff v. Painter & Eldridge, 150 Pa. 91, thus: "A shopkeeper by opening his store invites the public to come there for the transaction of business in the usual way, and from this invitation there arises an implied contract that no harm or damage that could reasonably be averted shall happen to the persons of those so coming." While ordinary care only is required, it is ordinary care under the circumstances. The care required increases with the danger. Here the skylight contained large quantities of heavy glass fastened to frames and supported by beams and girders at a great height above the main floor of the grand court, where hundreds of customers thronged every hour of the day. A party is bound to exercise care proportionate to the risk to which he exposes others: Ryan v. Woodbury Granite Co., 266 Pa. 105. It was for the jury to say whether reasonable foresight should have suggested the probability that in constructing the monitor some tool or workman or piece of material would accidentally so come in contact with the glass skylight as to cause some part thereof to fall. Of course, there was the tarpaulin and the platform above the skylight, but no tarpaulin or other substance under it to catch the glass if it should fall. Furthermore, while this work was going on, the floor of the grand court was left entirely open to the public, as above stated, without guard or warning. While the Gassner Company had charge of the erection of the monitor above the skylight, the defendant had entire possession and charge of the store beneath it. The comparatively small size of the plank platform, the failure to place or to require the contractor to place any tarpaulin under the glass, and leaving the floor of the grand court open to the public while the work was being done, were circumstances for the jury to consider on the question of the defendant's lack of due care.

While we have held that the mere falling of an object from a building does not raise a presumption of negligence against the owner (Wolk et al. v. Pittsburgh Hotels Co., 284 Pa. 545; Murray v. Frick et al., 277 Pa. 190; Joyce v. Black, 226 Pa. 408), we have also held that in such case only slight evidence is required to shift the burden of proof. See Murray v. Frick et al., supra; Dougherty v. P. R. T. Co., 257 Pa. 118. That principle seems to apply to the instant case.

The rule is that where road authorities allow a highway that is being constructed or repaired by an independent contractor to remain open for public use, the municipality is liable for an accident resulting from its defective condition: Scott v. Erie City, 297 Pa. 344; Reichard v. Bangor Boro., 286 Pa. 25. See also Burger v. Phila., 196 Pa. 41; Norbeck v. Phila., 224 Pa. 30. The same is held where a railroad company suffers the approach to its ticket office to remain open to the public while unsafe because being repaired by a contractor: Gilmore v. P. & R. R. R., 154 Pa. 375. A like rule should apply where the owner suffers such portion of his store to remain open to the public as is rendered unsafe by repairs being made thereto.

Whether the recovery in the instant case might be sustained under the principle that he who performs work upon his premises which is inherently dangerous cannot escape liability by placing it in the hands of an independent contractor (Jacob Doll & Sons v. Ribetti, 203 Fed. 593; Rose v. City of Phila., 2 Foster, Legal Chronicle Reports, 53), we need not decide.

The defendant had introduced in evidence the fact that plaintiffs had instituted a suit against the contractor for the same accident. That, however, had no bearing on the instant case and plaintiffs' counsel so stating to the jury afforded no ground for a continuance of the case. In fact, the trial judge substantially so instructed the jury.

The judgments are affirmed.