Hogan et al. *v.* Etna Concrete Block
Company, Appellant.

Argued October 2, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

50

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*Esther Israel Katten,* for appellees.

OPINION BY MR. JUSTICE DREW, November 23, 1936:

This action of trespass was brought by the parents for the minor plaintiff and for themselves. The father died before the trial, and his interest was not thereafter represented. The cause of action is the alleged negligence of defendant. After verdicts for plaintiffs, refusal of defendant's motions for judgments n. o. v., and entry of judgments, defendant took these appeals.

Following the well-known rule, applicable here, we consider the record in the light most favorable to plaintiffs. The only question is the sufficiency of the competent evidence to support the verdicts. Defendant manufactured concrete blocks on a large open lot in the Borough of Etna near the home of plaintiffs. A narrow track of rails ran from the plant to one end of the lot on a decline of about four degrees. Small cars were used on this track in carrying the blocks out to the place of storage. For some years children had been accustomed to play about the yard, among the blocks, and upon the cars which they rode down the grade. They played at will on the property at the sufferance of the owners who were fully aware of the user. No fence or watchman excluded them.

On a spring afternoon in 1932 the minor plaintiff, a boy of five years, was heard to scream by several of his neighbors who found him caught beneath one of the cars loaded with concrete blocks. This particular car had been left at the head of the slope by one of defendant's employees apparently without anything to hold it in place except perhaps its own weight. It had no brake, and the neighbors who extricated the child saw no stop-block that might have been under the wheel. What caused it to start does not appear, but the jury could infer that the motion was spontaneous and not the doing of the child. But even if it were set in motion by the child, defendant's negligence being obvious, recovery could be had, because an infant of such tender years cannot be guilty of negligence.

We are convinced that the facts entitle plaintiffs to recover. Toleration of trespass for sufficient time gives rise to privilege which adds to the duties of the occupier in the maintenance and use of his premises: *Kay v. Pennsylvania R. R. Co.,* 65 Pa. 269, 273. The "playground rule" in Pennsylvania is a specialized application of this principle: see *Fitzpatrick v. Penfield,* 267 Pa. 564, 572. Here there was ample testimony that for years children were wont to play daily on defendant's grounds without its objective disapproval. Therefore defendant may not disregard the likelihood of their presence in the conduct of its operations *(O'Leary v. Pittsburgh and Lake Erie R. R. Co.,* 248 Pa. 4; *Counizzarri v. Philadelphia and Reading Ry. Co.,* 248 Pa. 474) or in the maintenance of hazardous machines or artificial conditions: *Henderson v. Continental Refining Co.,* 219 Pa. 384; *Millum v. Lehigh & Wilkes-Barre Coal Co.,* 225 Pa. 214; *Carr v. Southern Pa. Traction Co.,* 253 Pa. 274; *Costanza v. Pittsburgh Coal Co.,* 276 Pa. 90; see *Rahe v. Fidelity-Philadelphia Trust Co.,* 318 Pa. 376, 379. The nature of the occupier's duty to such children is that of ordinary care. He must not create *(O'Leary v. Pittsburgh and Lake Erie R. R. Co.,* supra; *Counizzarri v.*

*Philadelphia and Reading Ry. Co.,* supra) or fail to obviate *(Carr v. Southern Pennsylvania Traction Co.,* supra) risks reasonably tending to cause injury.

In the case at hand the jury was well supported in finding defendant negligent toward the minor plaintiff. This diminutive railroad had by its nature and from past experience a particular fascination for boys. Cf. *Reichvalder v. Borough of Taylor,* 322 Pa. 72. The readily movable car loaded with a ton and a half of concrete blocks poised at the top of the grade was obviously dangerous. It is no answer that the child may have himself set the car in motion, though it may be inferred he did not. That a child so small might start it ought to have been recognized beforehand.

Whether the mother was reasonably careful in her custody of the infant was made an issue for the jury. The verdict in her favor was its affirmative answer. The case was clearly for the jury and its verdict cannot be disturbed.

Judgments affirmed.