Smith *v.* Lit Brothers, Appellant.

Argued September 28, 1953. Before Rhodes, P. J., Hirt, Reno, Ross, Gunther and Wright, JJ.

*Ralph S. Croskey,* for appellant.

*Paul H. Ferguson,* for appellant.

*Isadore H. Bellis,* with him *Bernstein & Bernstein,* for appellees.

OPINION BY HIRT, J., November 11, 1953:

In mid-afternoon of May 18, 1949, the wife-plaintiff entered Lit Brothers department store in Philadelphia to make some purchases. At that time construction work was in progress for the installation of an escalator from the third to the fourth floors of the building. This plaintiff, on an escalator between the first and second floors, felt plaster and dust falling on her from overhead and was struck by a piece of glass which injured her left shoulder and cut her left forearm. When she reached the second floor she observed men working to her left on the ceiling of the room on that floor. One of them was on a ladder using a hammer and below the men there was falling plaster and dust in the air. The glass that injured plaintiff came from the general direction of the place where the men were working. Golder Construction Co. Inc., was the general contractor in making the installation under contract with Lit Brothers, and the defendant William Armstrong and Sons Inc. was a sub-contractor under the Golder Company for lathing and plastering, incident to the installation. Plaintiffs sued Lit Brothers as well as both the above general contractor and the sub-contractor to recover damages resulting from the wife's injury. There was no evidence that any of the employes of Golder Construction Company were on the premises when plaintiff was injured, and at the close of the plaintiffs' case, without objection from any party to the action, the court entered a non-suit as to that defendant. The trial proceeded against Lit Brothers and the Armstrong Company, resulting in verdicts against both of them—for $2,000 in favor of the wife-plaintiff and $500 for Ulmont Smith, her husband. Each of these defendants appealed.

One conducting a department store, who at least impliedly invites customers to come upon the premises,

owes them the duty not to expose them to any unreasonable risk. *Lineaweaver et ux. v. Wanamaker,* 299 Pa. 45, 149 A. 91. And it is the duty of a storekeeper to exercise care to make the premises reasonably safe for such invitees while alterations or repairs are in process, or to give a warning adequate to enable them to avoid the harm. There is the duty also "to exercise a reasonably careful supervision of the appliances or methods of an independent contractor . . . whom he has employed or permitted to carry on upon the land an activity which is directly or indirectly connected with his business use thereof". Restatement, Torts, §§343, 344. No notices were posted in that part of the premises where the men were working, giving warning of danger, and there were no tarpaulins or other protective devices set up to catch falling material where the men were working on the second floor. As a result of insufficient precautions to protect its patrons from foreseeable hazards of the work, which we must assume as a reasonable inference from the testimony, the Lit Brothers corporation was not relieved from liability (*Lineaweaver et ux. v. Wanamaker,* supra) and the judgments must be affirmed as to that defendant.

William Armstrong and Sons, Inc., did not file an answer to plaintiffs' complaint. But Armstrong's failure in this respect did not amount to an admission in law that the injury resulted from acts of its employes in the performance of the work, for the reason that the complaint did not allege that Armstrong had any control over the instrumentality, namely the debris or falling glass which caused the wife's injury. It is only the averments of fact in a plaintiff's pleading as to the person by whom the act was committed, the agency or employment of such person, and the ownership or possession of the property or instrumentality involved which under the Practice Act of May

14, 1915, P. L. 483, 12 PS §382 et seq., were to be taken as admitted in any action of trespass for want of an affidavit of defense. *Mazzo v. F. W. Woolworth Co., Inc.,* 139 Pa. Superior Ct. 242, 11 A. 2d 683. And the scheme of the Practice Act, in this respect, has been continued in the present practice under the Rules of Civil Procedure. Cf. Goodrich-Amram, Civil Practice, §1045 (b) 1; *Lacaria, Admr. v. Hetzel,* 373 Pa. 309, 96 A. 2d 132.

Although plaintiffs' proofs, failed to identify the negligent workmen as Armstrong's employes the court properly refused a non-suit as to that company as well as binding instructions in its favor. When the plaintiffs made out a case of liability against Lit Brothers alone, the court properly allowed that corporation to prove that the Armstrong Company also was liable. "The proper practice, before entering a non-suit or directing a verdict in favor of one of two or more defendants, is to allow the other defendants to present their testimony on the question of the liability of each and all of them": *Frank v. W. S. Losier & Co., Inc., et al.,* 361 Pa. 272, 64 A. 2d 829; *Shapiro v. Philadelphia,* 306 Pa. 216, 159 A. 29. And the evidence of one defendant may inculpate the other the same as though proved as a part of plaintiff's case. *Jinks et al. v. Currie et al.,* 324 Pa. 532, 188 A. 356.

The wife-plaintiff testified that after she first noticed the plaster and dust in the air she was almost immediately struck by the falling glass. It was a fair inference that all of the falling material came from the same source and in the testimony of Lit Brothers in conjunction with that of the injured woman there was sufficient substantial evidence to establish that it was Armstrong's employes who were responsible for the falling glass, thus imposing liability on that company along with Lit Brothers, for plaintiff's dam-

ages. Cf. *Giordano v. Clement Martin, Inc., et al.,* 347 Pa. 61, 31 A. 2d 504. Where as here the evidence in a case is necessarily circumstantial but strongly tends to show the negligence of a defendant, the issue is for the jury. *Ryan v. Woodbury Granite Co.,* 266 Pa. 105, 110 A. 279. One who is proven to be liable may make out a case of negligence, for the jury, against another defendant by showing that the employes of that defendant alone were in position to cause the injury, although there is no direct evidence as to their acts. *Booth v. Dorsey,* 208 Pa. 276, 57 A. 562. Cf. *Kapuscianski et al. v. Phila. & R. C. & I. Co.,* 289 Pa. 388, 137 A. 619; *Gable et. ux. v. Golder et al.,* 116 Pa Superior Ct. 415. The language of the Chief Justice in *Foley v. The Pittsburgh-Des Moines Co.,* 363 Pa. 1, 25, 68 A. 2d 517 has a direct bearing on the present case to this effect: "Proofs to a degree of absolute certainty are rarely attainable; it is sufficient if they are such as to satisfy a reasonable mind; the law does not require the elimination of every *possible* cause of the accident other than that on which the plaintiff relies, but only such other causes, if any, *as fairly arise from the evidence*". The court did not err in refusing judgments for the Armstrong Company n.o.v.

Defendant Lit Brothers is not entitled to a new trial on the ground that the verdicts are excessive. Although the jury might have found for the wife-plaintiff in a lesser amount, without inviting a charge of inadequacy, yet the lower court was not shocked and neither are we, by the size of the verdict in her favor. Cf. *Homan v. Losch,* 366 Pa. 525, 79 A. 2d 242.

Judgments affirmed.