## Kiser, Appellant, *v.* Schlosser.

Argued March 22, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

132

*F. Joseph Thomas,* for appellants.

*Stuart A. Culbertson,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 27, 1957:

The issue raised by these appeals has been before this Court on innumerable occasions: *Did the trial court abuse its discretion in awarding new trials on the ground that the verdicts were against the weight of the evidence?* One need only refer to 3 *Vale, Pennsylvania Digest,* Appeal & Error sec. 977(3) (Supp.) to appreciate the volume of litigation questioning such actions by the lower courts, and the repetitious recital by this Court, in each case, of the applicable rule of law: viz. *The determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily within the discretion of the trial court, and its action will not be disturbed unless there is a palpable abuse of that discretion as determined from a careful review of the entire record, or a clear error of law which controlled the outcome.*

True it is that the assaying of the credibility of witnesses and the resolving of conflicts in their testimony are for the jury. But it is equally true that the trial judge may not hide behind the jury's verdict; he has a duty to grant a new trial when he is convinced that the judicial process has resulted in the working of an injustice upon any of the parties.

The present action, instituted in the Court of Common Pleas of Crawford County, arose out of a head-on collision between two automobiles traveling in opposite directions along highway route 322 on a snowy evening in November, 1951. Both cars were demolished, and the drivers and their respective wives were injured. The following suits in trespass were instituted as a result of this accident:

Suit No. 1: Mr. and Mrs. Kiser (plaintiffs) v. Mr. Schlosser (defendant);

Suit No. 2: Mr. Schlosser (plaintiff) v. Mr. Kiser (defendant);

Suit No. 3: Mrs. Schlosser (plaintiff) v. Mr. Kiser (defendant), who in turn joined Mr. Schlosser as an additional defendant.

The jury found for the plaintiffs Kisers in Suit No. 1; and for the defendant Kiser in Suit No. 2. In Suit No. 3 the jury returned a verdict in favor of the plaintiff, Mrs. Schlosser against her husband alone (the additional defendant), after instructions from the court that such a verdict was permissible.

The Schlossers moved for new trials assigning as errors these instructions to the jury, and that the verdict was against the weight of the evidence. The court *en banc* recognized that although Mr. Schlosser was properly joined as a defendant for purposes of contribution in the action by his wife against Kiser, he could not be directly liable to his wife. The court concluded, nevertheless, that the error was not prejudicial to the Schlossers, and could be corrected by striking the ver-

134

dict in favor of Mrs. Schlosser against her husband from the record. We agree with this disposition of the issue. *Koontz v. Messer*, 320 Pa. 487, 181 A. 792 (1935). See also the excellent discussion of this question by the late President Judge Keller, in *Fisher v. Diehl*, 156 Pa. Superior Ct. 476, 40 A. 2d 912 (1944).

However, the Court did see fit to order new trials in these actions on the ground that the verdicts were against the weight of the evidence. The reasons for their decision were detailed in the opinion which accompanied the order.

After an examination of the record, the majority of the members of this Court agree that the court below did not palpably abuse its discretion in granting new trials.

Since the cases go back for retrials, "it would, manifestly, be inappropriate for us now to relate in detail and perhaps appraise, if by no more than implication, the facts. . . ." *Londrino v. The Equitable Life Assur. Soc. of the U. S.*, 377 Pa. 543, 545, 105 A. 2d 333 (1954).

Order affirmed.

Mr. Justice MUSMANNO dissents.