## Nissenbaum, Appellant, *v.* Bryant.

Argued December 9, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*M. E. Maurer*, with him *Wexler, Mulder & Weisman*, for appellant.

*William T. Coleman, Jr.*, with him *Dilworth, Paxson, Kalish, Kohn & Dilks*, for appellees.

OPINION BY WATKINS, J., April 16, 1959:

These appeals are from orders of the Court of Common Pleas No. 1 of Philadelphia refusing motions by Samuel C. Nissenbaum, trading as American Discount Company, the plaintiff appellant, for judgment n.o.v. as to Dr. Frederick H. Bryant and Vivian Bryant, his wife, defendants appellee and for a new trial as to Vivian Bryant. Dr. Bryant filed a cross appeal from the order granting appellant's motion for a new trial as to him.

Dr. Frederick H. Bryant, a medical doctor, on February 15, 1954, entered into an agreement with Walter S. Ritter, for the purchase of a Pioneer X-ray machine at a price of Five Thousand Five Hundred thirty-five ($5535) dollars. The doctor paid Ritter Five Hundred thirty-five ($535) dollars as a down payment and the balance was to be financed over a period of 36 months. The account was apparently assigned by Ritter to Nissenbaum. In order to secure the necessary financing, the doctor filled out a credit application to Nissenbaum. After approval of the credit, the doctor executed a chattel mortgage, bond and warrant, together with 36 promissory notes payable to Nissenbaum. These papers were admittedly signed by the doctor and bore the name of Vivian Bryant. Some of the notes were signed by the doctor in his own hand and others by an employee in his office.

Ritter delivered the signed papers to Nissenbaum who issued his check for Four Thousand Five hundred seventy-five ($4575) dollars to Ritter. The notes were to be presented monthly for payment at the doctor's bank. Three notes were so presented and paid. Upon presentation of the fourth note it was not paid because of insufficient funds in the doctor's account. Nissenbaum got in touch with the doctor and with Ritter and thereafter thirteen additional notes were paid. There

is some testimony that money for the payment of some or all of these notes was supplied by Ritter. In May of 1955, the doctor refused to pay any more notes. Nissenbaum, after giving notice to the doctor and his wife, entered judgment on the bond and warrant for the claimed balance due of Three thousand six hundred eighteen ($3618) dollars.

The doctor and his wife petitioned to open the judgment, the petition was granted and after trial, the jury brought in a verdict in their favor. Nissenbaum then filed his motions for judgment n.o.v. and a new trial. After argument before the court en banc the motions for judgment n.o.v. and for a new trial as to Vivian Bryant were denied but the motion for a new trial as to the doctor was granted.

The defense of the doctor was failure of consideration, as Ritter never delivered the X-ray machine to him. The defense of Vivian Bryant was that she had not signed the bond and warrant and had not authorized anyone to sign it on her behalf.

Nissenbaum claims that he is the direct creditor of the doctor and his wife and free from any defenses that may exist between the doctor and his wife and Ritter; at the same time he also claims to be an assignee of Ritter in order to avoid the limitation of the usury statutes of this Commonwealth. The mechanics used in financing this X-ray machine were quite unusual, where although there was an assignment of the account by Ritter to Nissenbaum, the doctor and his wife still made a direct application for credit to Nissenbaum, and a chattel mortgage, bond and warrant were executed and delivered to him. The check, however, was made payable by Nissenbaum to Ritter.

Normally a chattel mortgage, bond and warrant, together with notes, are used where an individual makes direct application to a finance company or other

lending institution for money to purchase consumer goods or equipment. In such situations title has passed and the sale is made by one other than the lender, so that the rate of interest would be governed by statute. However, where an assignment is made from a seller to a lending institution, the matter of interest is left to the parties and considered as a part of the purchase contract, but in that situation the lending institution is subject to any defenses which might have been exercised against the seller.

As a result of the doubt and confusion arising out of the entire transaction, the intention of the parties and the construction placed on the transaction by them, as drawn from this record, becomes important. We believe, that from all the circumstances, the court below properly determined that Nissenbaum was the assignee of Ritter and subject to any defenses which the doctor and his wife might have against Ritter.

It is true that Nissenbaum or any other lender is justified in insisting on a method of loaning his money, but the fact that he made the check out to Ritter smacks too much of an attempt to help Ritter get money for which the doctor and his wife would be obligated and at the same time avoid the defenses that the doctor and his wife might have had against Ritter.

It becomes immediately apparent that under these circumstances Nissenbaum was not entitled to binding instructions and therefore not entitled to judgment n.o.v. This would apply to the doctor and his wife since Vivian Bryant would stand in the same position as her husband in this matter.

The grant of a new trial by the court below will not be disturbed by the reviewing court except in a clear case of abuse of discretion. *Kiser v. Schlosser,* 389 Pa. 131, 132 A. 2d 344 (1957). After a careful review of this entire record, which left this Court in such doubt

and confusion as to raise a serious question as to how the jury could intelligently arrive at any verdict, we believe the ends of justice are best served by the order granting a new trial as to the doctor.

As to Vivian Bryant, his wife, the refusal of a new trial as to her constitutes an abuse of discretion by the court below. Her signature, which appears from the evidence, was placed on the bond and warrant by her husband, who was an educated man and was certainly aware of the import of his act. Sustaining the claim of Vivian Bryant would then constitute him a forger, which is not likely. This, together with the apparent casualness with which the signing of important papers was treated by all the parties in this matter, and with her admission in the petition to open judgment that her name appeared on the documents as an accommodation maker, and also her acknowledgment of receipt of notice of execution without action, seem to outweigh her claim of not authorizing anyone to sign the documents in her behalf.

The orders of the court below are affirmed as to the refusal of judgment n.o.v. against the doctor and his wife and to the grant of a new trial as to the doctor; but the order refusing a new trial as to Vivian Bryant is reversed and a new trial is granted.