Lambert & Intreri, Inc. *v.* Holiday Motor Hotel, Inc., Appellant.

Argued November 20, 1967. Before MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John H. Bream,* for appellants.

*Edward C. First, Jr.,* with him *Robert R. Rice,* and *McNees, Wallace & Nurick,* for appellee.

OPINION PER CURIAM, January 3, 1968:

The plaintiff, Lambert and Intreri, Inc., entered suit in assumpsit against the defendants Holiday Motor Hotel, Inc. and Gene Zimmerman's Enterprises, Inc. for $203,563.29 for work performed by it in the construction of Phase I of the Holiday Inn Town in Harrisburg, Pennsylvania, under a written cost-plus contract. By way of answer containing new matter, the defendants contended that the plaintiff had improperly charged certain labor and materials to the contract; had breached the contract and caused the defendants to incur damage as the result of an unworkmanlike performance. The defendants counterclaimed for the difference between such damages and the balance found to be due plaintiff under the contract.

At the ensuing trial, which lasted three weeks, the jury returned a verdict in favor of the plaintiff in the amount of $200,116.36, which included interest at 6%.

The defendants filed a motion for new trial, alleging errors (32 in all) in the trial, in the court's charge and in the jury's verdict. The court below found no merit in these contentions and refused the motion, giving its reasons therefor in a lengthy opinion. Our study of the record and the applicable law leads us to agree with the lower court's refusal of the defendants' motion for new trial. The court below has in its opinion thoroughly discussed the principal issues involved

and all the pertinent facts and law applicable thereto; it has concluded the same properly. We see no reason for further elaboration.

Judgment affirmed.

Mr. Chief Justice BELL and Mr. Justice JONES took no part in the consideration or decision of this case.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Appellants' brief lists five trial errors, three of which concern evidentiary rulings. I agree with the majority that these three alleged errors are adequately resolved in the opinion of the trial court and do not require further discussion. The other two asserted errors involve the court's charge covering plaintiff's burden of proof and the jury's failure to separate principal and interest in its lump sum verdict.

It cannot be gainsaid that in an assumpsit action the elements comprising plaintiff's burden of proof is a concept which can be properly classified as elementary. I therefore conclude that any error in the charge covering this point can be questioned only by a special exception for the following reason contained in my concurring opinion in *Lobalzo v. Varoli,* 422 Pa. 5, 8, 220 A. 2d 634, 636 (1966): "The record here discloses that the court, at the completion of its charge, inquired whether counsel objected to the charge as given, or desired any amplification or addition to the instructions. Counsel replied in the negative.[*] In my view, given the elementary nature of the applicable legal principles, such acquiescence by counsel precludes an assertion of error in the charge as grounds for setting aside the verdict." The same basic principle governs counsel's failure to object to the form of the verdict. Any in-

———

* Although appellants' counsel here did request some clarification of the charge, none of his requests in any manner evidenced a dissatisfaction with that portion of the charge concerned with plaintiff's burden of proof.

adequacy in form could easily have been remedied by a timely request that the court instruct the jury to return a verdict proper in form. Absent such a request, I would not entertain a motion for new trial based upon this defect.