## Argenta v. Scranton School District

*Larry Spegar,* for plaintiffs.
*James Scanlon,* for defendant.

MUNLEY, *J.,* November 26, 1991—On September 28, 1990, the above matter was tried before this court and a jury. At the conclusion of the trial, September 24, 1990, the jury rendered a verdict for the defense. Chagrined at the jury's verdict, plaintiff thereupon filed a motion for a judgment in favor of the plaintiff non obstante verdicto (hereinafter "judgment n.o.v.") or, in the alternative, a new trial.

A brief summary of the facts reveal that on March 4, 1984, the minor plaintiff, Dean Argenta Jr. complained he slipped or fell as a result of an accumulation of ice and snow existing on the premises of the defendant, Scranton School District. Plaintiff maintained that the location of the accumulation of ice and snow was on a walkway between the public sidewalk located along North Lincoln Avenue and the John Marshall School No. 14, which walkway leads from the aforesaid public sidewalk to the entranceway of said school. The plaintiffs' sought to recover against the defendant damages incurred by them as a result of this occurrence.

The standard of review with regard to a refusal to grant a motion for judgment n.o.v. was succinctly stated by the court in *Walsh v. Pennsylvania Gas and Water Company*, 303 Pa. Super. 52, 58, 440 A.2d 573, 576 (1982):

"In reviewing the denial of a motion for judgment n.o.v., the evidence together with all reasonable inferences therefrom must be viewed in a light most favorable to the verdict winner; all conflicts in the evidence are resolved in favor of the prevailing party. *See Gonzalez v. U.S. Steel Corp.*, 484 Pa. 277, 398 A.2d 1378 (1979); *Mike v. Borough of Aliquippa*, 279 Pa. Super. 382, 421 A.2d 251 (1980). Evidence supporting the verdict is considered and the rest rejected. *Glass v. Freeman*, 430 Pa. 21, 240 A.2d 825 (1968). 'A judgment notwithstanding the verdict should be entered only in a clear case when the facts are such that no two reasonable persons could fail to agree that the verdict was improper....' *Martin v. Soblotney*, 296 Pa. Super. 145, 442 A.2d 700 (1982)."

Furthermore, the decision of whether or not to grant a new trial is within the sound discretion of the trial court judge. *Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985). A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor where the trial judge would have reached a different conclusion on the same facts. *Hawthorne v. Dravo Corp.*, 352 Pa. Super. 359, 508 A.2d 298, 301 (1986), quoting *Myers v. Gold*, 277 Pa. Super. 66, 419 A.2d 663, 664 (1980). Our Supreme Court has held that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice. *Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 265 A.2d 516 (1970).

There are numerous allegations of error contained in the plaintiffs' motion for a new trial and judgment n.o.v. We will address only one of the allegations of error argued by the parties as we find it dispositive of the motion.

Plaintiff charges that during closing argument defense counsel made insinuations that plaintiff's claim was fraudulently brought and quoted the trial judge's remarks in voir dire in such a fashion, that it constituted an appeal solely to the prejudices of the jury and for which only the remedy of a new trial can cure the wrong they sustained.

Defendant argues that his closing speech was not prejudicial, nor did it distract the jury from its work. Defense states that its argument was within the bounds of propriety considering the nature of the plaintiff's claim.

The statement complained of occurred in the last moments of defense counsel's closing statement to the jury and it consisted of the following:

"Mr. Scanlon: Now, ladies and gentlemen, I think the whole situation is very well summed up by Judge Munley here at the very beginning of this case when he said to you during the opening remarks that this has become a litigation crazed society, and everybody's out there for a fast buck. And everybody's out there on a fake claim, and we think we have a fake claim here. We think our evidence has proven it. He fell on the playground. He didn't fall on the walkway. This is a fake claim all the way, and we have proved that to you. If there is going to be an end to the craziness of this litigation society, there's only one group of people that can stop it, and that is you using your good common sense. Thank you."

At trial plaintiff objected to defense counsel's remarks and requested curative instructions. The trial court overruled the objection and denied the request for instructions, having now had the luxury of reflecting on the matter at leisure and researching it more fully, we find that we erred and since the erroneous argument made by counsel went to the jury without judicial remedying, we are convinced that the statements effect prejudiced the jury and formed in their minds such fixed bias towards the party plaintiffs that the jury could not weigh the evidence and render a true verdict according to the evidence. Therefore, in the interest of justice, we are compelled to award the plaintiffs a new trial.

To frame the issue in its proper context: at the beginning of the trial a panel of prospective jurors were called to Court Room I. In the course of welcoming the jurors the judge spoke of the litigious times in which we live—how important jury trials are—since they are required to be in court for a few days, probably their only opportunity to participate in a trial—it would be a great opportunity for them to sit back and see what trials are all about. Needless to say this court never stated "that this has become a litigious crazed society, and everybody's out there for a fast buck." Obviously defense counsel misunderstood the court's statements or took the court's address out of context. In any event it is clear that defense counsel in his closing statement to the jury grossly misstated the trial judges introductory remarks at the voir dire.

Each party engaged in suit is entitled to a fair trial on the merits, uninfluenced by appeals to passion or prejudice, and counsel should confine his arguments

to the evidence in the case and the inferences properly drawn therefrom, and should avoid appealing to the prejudices of the jury. Comments calculated to arouse the passions or prejudices of a jury by presenting to them considerations extraneous to the evidence are highly improper. *Norisco v. Mauch Chunk Township,* 369 Pa. 549, 87 A.2d 233 (1952); *Piwor v. Iannocone,* 406 Pa. 588, 178 A.2d 707 (1962); and Feldman, Pa. Trial Guide, section 11.3.

Defense counsels repeated accusation of fake claims in the late portion of his closing speech to the jury impeded their task of viewing the testimony with fairness. This unwarranted injection of prejudice through introduction of such extraneous considerations sought to play to any sympathies and bias that might have existed in the minds of jurors. Consequently, the jury was obstructed in this case from fulfilling its mission of finding truth based upon relevant evidence.

Furthermore, counsel's argument about fake claims when examined in conjunction with his misstatements attributed to the court only serve to compound the seriousness of the prejudicial impact on the jury.

These arguments by defense counsel constituted an improper appeal to prejudices and bias of the jury and can only be rectified by granting plaintiff's motion for a new trial.

## ORDER

Now, to wit, November 26, 1991, for the reasons stated above, plaintiffs' motion for new trial is granted.