## Felix, et ux. *v.* Baldwin-Whitehall School District.

Argued February 25, 1972, before Judges Kramer, Mencer and Blatt, sitting as a panel of three.

*David R. Levin,* for appellants.

*Edward R. Lawrence,* with him *Lawrence, Plum & Lawrence,* for appellees.

Opinion by Judge Mencer, April 14, 1972:

A 3.916 acre parcel of ground owned by Albert Felix and his wife, Mary Ann Felix (appellants), was

condemned for school purposes by the Baldwin-Whitehall School District (Baldwin) by the filing of a declaration of taking on October 10, 1968. A duly appointed board of view made an award of damages for such taking in the amount of $23,700. Appellants appealed to the Court of Common Pleas of Allegheny County from this award and the matter was tried before a jury which rendered a verdict in favor of appellants in the amount of $15,000. Appellants' motion for a new trial was refused by order dated July 8, 1971 and they appealed to this Court from that order.

A motion for a new trial is addressed to the discretion of the trial court based on the circumstances of the particular case and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Beyrand v. Kelly,* 434 Pa. 326, 253 A. 2d 269 (1969); *Nicholson v. Garris,* 418 Pa. 146, 210 A. 2d 164 (1965); *Feldman v. Starin,* 203 Pa. Superior Ct. 130, 199 A. 2d 482 (1964). The trial court's discretion in this regard is not absolute but is subject to appellate review. *Austin v. Ridge,* 435 Pa. 1, 255 A. 2d 123 (1969); *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 265 A. 2d 516 (1970).

Appellants raise four questions on this appeal in support of their contention that the court below abused its discretion by refusing the motion for a new trial.

First: Where the legal measure of damages for the complete taking of land under the power of eminent domain is fair market value, does a verdict awarding a specified amount "for a fair and just settlement" comply with the law?

Here the verdict of the jury, in pertinent part, read as follows: "And now, to wit: February 17, 1971, we, the Jurors empanelled in the above entitled case, find the sum of $15,000 for a fair and just settlement for

3.916 acres." Appellants advance the argument that the legal measure of damages under the Eminent Domain Code of 1964[1] was the fair market value as of the date of taking and the jury was so instructed but the verdict of the jury was a different measure of damages, namely, "a fair and just settlement."

We are unaware of any authority that requires the amount of the verdict to be expressed in terms of fair market value, although fair market value is what the jury must determine. We are in accord with the reasoning of the court below when, in its opinion in support of its order, it stated: "The verdict in the instant case appears to us to have obvious meaning; the jury awarded the plaintiffs the amount of $15,000.00 as compensation for the taking of the property in question. We are inclined to view the jury's phrase 'for a just and fair settlement for 3.916 acres' as an artless expression of how it made its determination, and as such, we believe it to be mere surplusage which does not render the verdict a nullity in form."

More basic is the principle that counsel precludes an assertion of error in the form of the verdict by his failure to object at the time the verdict was returned in open court. We agree with Mr. Justice ROBERTS when he wrote in a concurring opinion in *Lambert & Intreri, Inc. v. Holiday Motor Hotel, Inc.*, 428 Pa. 299, 301, 302, 236 A. 2d 804, 805 (1968), "Any inadequacy in form could easily have been remedied by a timely request that the court instruct the jury to return a verdict proper in form." Absent such a request here, we find appellants' contentions on this question without merit.

Second: Did the lower court err in its charge that the jury may "not take into consideration lots or lay-

---

[1] Act of June 22, 1964, Special Sess., P. L. 84, §602, as amended, 26 P.S. §1-602.

ing out of lots and things of that kind . . . ," under the circumstances of this case?

At the close of the testimony, counsel for the condemnor submitted to the trial judge written points for charge. The second point, as read to the jury and subsequently modified by the court in its charge, was as follows: "In considering the opinion evidence in this case you must remember that you must value the subject property as a whole and not with respect to lots or laying out of lots or manipulations of them or multiplication or fancied value of these lots. You must consider only the value of the subject property as unaffected by any taking."

The language of this point for charge was substantially the same as approved by the Supreme Court in *Rothman v. Commonwealth,* 406 Pa. 376, 381, 178 A. 2d 605, 607 (1962). The law of this Commonwealth is that the property must be valued as a whole, and not with respect to conjecture concerning the division of the tract into lots. *Pennsylvania Schuylkill Valley Railroad v. Cleary,* 125 Pa. 442, 452, 17 A. 468, 470 (1889); *Rothenberger v. Reading,* 296 Pa. 423, 146 A. 104 (1929); *E. M. Kerstetter, Inc. v. Commonwealth,* 404 Pa. 168, 171 A. 2d 163 (1961).

The trial court in its charge instructed the jury more than once that all parties and witnesses agreed that the highest and best use of the subject property was for residential lot development. The charge, taken as a whole, indicates clearly that the jury was properly instructed both as to the best purpose for which the property may have been used as well as with respect to their duty to value the property as a whole and not as the aggregate of individual lots. The correctness and adequacy of a court's charge to a jury must be determined by a consideration of the entire charge and not just excerpts therefrom. *DeMichiei v. Holfelder,*

410 Pa. 483, 189 A. 2d 882 (1963). Therefore, we find the second question raised by appellants to be unsupportable under the law of Pennsylvania.

Third: Was the verdict against the weight of the evidence when the jury disregarded the evidence of the price paid by the appellee (Baldwin) for the immediately adjoining parcel?

The record reveals that the property adjacent to appellants' property, consisting of 12.821 acres, was purchased by the school district from the Borough of Whitehall approximately two months after taking of appellants' property. The price was $65,000 and represents a cost of approximately $5000 per acre. The appellants argue that this per acre cost exceeds the price paid to appellants by more than $1200 per acre. Evidence was offered which was not controverted that the school district executed a forty-year lease of approximately four of the 12.821 acres back to the Borough of Whitehall for continued use as a playground and ballfield. Appellants conclude that the value of the land unencumbered by the lease is thus in excess of $7000 per acre. This theory was argued to the jury but the jury obviously refused to accept it and the appellants now contend that this was arbitrary and capricious action on the part of the jury resulting in a verdict which was against the weight of the evidence.

There was testimony that the appellants' property was not comparable to the adjacent land. Mr. Kane, witness for Baldwin, testified that the property obtained from the Borough of Whitehall was much superior to the subject property because it had access from two different streets, was a larger tract, did not have a railroad behind it, and houses could be built on one side only of any street which might be constructed to serve the subject property. Mr. Snee, witness called by appellants, testified that prospective

buyers would definitely prefer lots without the railroad tracks. Therefore, there was ample testimony from which the jury could decide that the Whitehall Borough property was not comparable to that of appellants and that they need not adopt the price paid for the former as an indication of the fair market value of the latter. It is settled law in Pennsylvania that where testimony is conflicting, it is the function and duty of the jury to determine which of the contradicting statements is the more credible. *Coleman v. Denio,* 411 Pa. 148, 191 A. 2d 270 (1963). Therefore, the price paid for the Whitehall Borough property was not, of itself, conclusive proof of the fair market value of the subject property, but was evidence which the jury could consider in making its determination.

Although we have empathy for appellants in regard to this question, we are satisfied that legally it is without validity or merit.

Fourth: Was the verdict so inadequate and unjust as to require the granting of a new trial?

Although the verdict was lower than the viewers' award, we cannot agree with appellants that because of this fact the refusal of a new trial was an abuse of discretion by the court below. The board of view awarded appellants $23,700 and the jury verdict was $15,000. The award of the board of view is an important circumstance or factor to be considered when a new trial is requested either for inadequacy or excessiveness of the jury's verdict, but it is not controlling. *Chiorazzi v. Commonwealth,* 411 Pa. 397, 192 A. 2d 400 (1963). In *Chiorazzi v. Commonwealth, supra,* the board of view awarded $56,000 and the jury $28,000 and the denial of a new trial was affirmed. In *Poulos v. Commonwealth,* 438 Pa. 442, 266 A. 2d 100 (1970), the board of view awarded $31,300 and the jury returned a verdict of $25,000. The lower court granted

a new trial based on the inadequacy of the jury's verdict and the Supreme Court reversed the order granting a new trial.

Here the verdict of the jury was between the valuations of the experts who testified and the variation in their valuations was a question for the jury to resolve. A court's denial of a motion for new trial in a condemnation case will not be interfered with unless "the verdict was so excessive or inadequate that the refusal of the court below to grant a new trial was a clear and manifest abuse of discretion or was unconscionable or shocking to the court's sense of justice." *Boring v. Metropolitan Edison Company,* 435 Pa. 513, 524, 257 A. 2d 565, 571 (1969). While we might have made a different determination from that made by the jury here, we find no "clear and manifest abuse of discretion" in the lower court's refusal of appellants' new trial motion.

Judgment affirmed.