Charles Kasych, Jr. and Charles Kasych, Sr.,
Appellants, *v.* Commonwealth of Pennsylvania,
Department of Transportation, Appellee.

622

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Helen Kasych*, Trustee, with her *Charles Kasych, Jr.*, Trustee, for appellants.

*Jerry Richwine*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 17, 1974:

Charles Kasych, Jr. and Charles Kasych, Sr. (condemnees) were the owners of 172.651 acres in Whitehall Township, Lehigh County, when, on July 28, 1969,

the Pennsylvania Department of Transportation (Department) condemned 1.849 acres of their tract for highway purposes. The property taken consisted of various strips along the frontage of the tract, 1427 feet in total length and varying from 47 to 75 feet in depth. Prior to condemnation, 2000 feet of frontage to a depth of 200 feet was zoned C-2 Commercial, 950 feet of frontage to a depth of 170 feet was also zoned C-2 Commercial, and the remainder was zoned agricultural.

A Board of Viewers was appointed, which awarded damages to the condemnees in the amount of $25,-000.00. The condemnees then appealed to the Court of Common Pleas of Lehigh County which, following a jury trial, awarded them $15,000.00 in damages. Their motion for a new trial was denied, and an appeal was then brought to this Court.

"[A] motion for a new trial is addressed to the discretion of the trial court based upon the circumstances of the particular case and the lower court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law." *Arndt v. Central Cambria School District,* 7 Pa. Commonwealth Ct. 150, 153, 298 A. 2d 682, 684 (1972). The condemnees have here presented a number of reasons as to why the lower court allegedly abused its discretion or committed errors of law in refusing to grant a new trial. Upon a close review of these arguments, however, we cannot agree with their validity and we must, therefore, affirm the lower court.

The condemnees' initial contention is that the verdict of the jury was inadequate and manifestly against the weight of credible evidence. In determining whether or not a verdict is against the weight of the evidence, certain principles are applicable: "(a) a jury may believe all or part of or none of the testimony of

any witness . . . (b) a jury in a condemnation case may not disregard evidence as to property values and substitute its own ideas . . . (c) in a condemnation case a jury may disregard the opinion of the property owner or his expert . . . or the opinion of an expert for the condemnor . . . (d) the weight of evidence dependent on oral testimony is always for the jury, not the court." (Footnote omitted.) *Morrissey v. Department of Highways*, 424 Pa. 87, 92-93, 225 A. 2d 895, 898 (1967).

The condemnees here presented the testimony of Charles Kasych, Jr., who valued the damages at $148,000.00, and George J. Sengpiel, a real estate broker, who stated that the damages were $137,000.00. The Department's expert witness, Raymond C. Geiger, testified to damages of $15,000.00. All of these witnesses were competent to testify, and it was the jury's responsibility to weigh their credibility in determining the damages suffered by the condemnees. *See Lewis v. Urban Redevelopment Authority of Pittsburgh*, 5 Pa. Commonwealth Ct. 176, 289 A. 2d 774 (1972). We cannot find that the jury manifestly abused its discretion, especially in light of the fact that the jury itself made a view of the condemned premises. The jury, therefore, not only had the testimony of the witnesses, but also had the advantage of its own view of the property in arriving at its verdict, a factor to which we must give considerable weight. "[S]ince the jury viewed this condemned property it properly could have ignored the experts' testimony, if they believed them not to be credible, and could have based their verdict upon their own judgment following the court's instructions." *Wolfe v. Redevelopment Authority of the City of Johnstown*, 1 Pa. Commonwealth Ct. 172, 177, 273 A. 2d 923, 926 (1971).

The condemnees have argued that much of the evidence presented by their witness, Charles Kasych, Jr., was documentary (deeds and records showing sale

prices of allegedly comparable properties) rather than oral testimony, and that the jury is not the sole judge of the credibility of such evidence. However true that may be, the jury does at least determine the adequacy and the pertinency of such evidence, and we cannot find that it erred in this case in so doing.

It is true that the jury's verdict was $10,000.00 less than the award of the Board of Viewers, but this in itself is not sufficient to require a new trial. The award of the Board of View is an important circumstance or factor to be considered when a new trial is requested either for inadequacy or excessiveness of the jury's verdict, but it is not controlling. *See Mishkin v. Lancaster Redevelopment Authority,* 6 Pa. Commonwealth Ct. 97, 293 A. 2d 135 (1972); *Redevelopment Authority v. Yee Kai Teung,* 5 Pa. Commonwealth Ct. 65, 289 A. 2d 498 (1972).

The condemnees have also argued that the court erred by permitting the Department's witness, Mr. Geiger, to speculate as to a prospective change in the existing zoning. Prior to condemnation the frontage was zoned C-2 Commercial for a varying depth of 170 to 200 feet, and following the condemnation the C-2 zoning of the frontage varied from depths of 105 to 135 feet. It was Mr. Geiger's opinion, however, that there was a reasonable probability at the time of the condemnation that the zoning could soon be changed again so as to restore the 200 foot C-2 depth.[1]

The general rule is that evidence of increased value is inadmissible where the increase would result from a use presently proscribed by zoning regulations. In *Snyder v. Commonwealth,* 412 Pa. 15, 192 A. 2d 650 (1963), however, our Supreme Court adopted an exception to this rule, quoting from 4 Nichols on Eminent

---

[1] Interestingly, Mr. Kasych, Jr. also testified that he thought the existing zoning restriction was no problem and could be changed very easily.

Domain §12.322(1) (Rev. 3d ed. 1962), as follows: "'Where the enactment of the zoning restriction is not predicated upon the inherent evil of the proscribed use—in other words, where the forbidden use is malum prohibitum rather than malum in se—and there is a possibility or probability that the zoning restriction may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value. It follows from the foregoing that such possible change in the zoning regulations must not be remote or speculative.'" 412 Pa. at 19, 192 A. 2d at 652.

We believe that the testimony of Mr. Geiger came within these guidelines, as provided in *Snyder, supra,* and was properly admitted. Moreover, we see no violation of the caveat in *Snyder, supra,* that the property must not be evaluated as if the change in zoning were already an accomplished fact. Mr. Geiger merely considered the impact upon market value of a likelihood of a zoning change. It might also be noted that, unlike the expert witness in *Snyder, supra,* Mr. Geiger has had long experience with local zoning activities, including service on county and local planning commissions and on a zoning hearing board.

The condemnees have made numerous allegations of error in the trial judge's charge to the jury. They have attempted to pick out of context and to challenge certain elements of the charge, but the "correctness and adequacy of a court's charge to a jury must be determined by a consideration of the entire charge and not just excerpts therefrom." *Felix v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183, 187, 289 A. 2d 788, 790 (1972). More important, the condemnees in most instances failed to except to the charge now complained of and did not ask at the time

for more specific instructions. "It is settled that where counsel makes no objection to the court's instructions and makes no effort to direct the court's attention to what he deems an erroneous instruction, such instruction, even if erroneous, will furnish no basis for granting a new trial unless the error is basic and fundamental." *Vanic v. Ragni,* 435 Pa. 26, 32, 254 A. 2d 618, 621-622 (1969). *See Tross v. Johnstown Redevelopment Authority,* 8 Pa. Commonwealth Ct. 605, 302 A. 2d 883 (1973); *Sukala v. Redevelopment Authority,* 6 Pa. Commonwealth Ct. 601, 297 A. 2d 523 (1972).

It is argued that the trial judge failed to define "highest and best reasonable available use" in his charge. A review of the charge, however, shows that the judge did properly instruct the jury on fair market value[2] and its relationship to the highest and best reasonable available use of the property, and there was in fact no real dispute between the parties as to the highest and best available use. Consequently, there was no reason for any more detailed definition than was given, especially in view of the fact that no request for more specific instructions was made by the condemnees.

The condemnees object to the trial court's instruction to the jury that "opinion evidence is generally considered of low grade and not entitled to much weight against positive testimony of actual facts." Upon considering this phrase in context, it is clear that the judge was attempting therein to explain to the jury the dif-

---

[2] The Eminent Domain Code, Act of June 22, 1964, Special Session, P.L. 84, §602, 26 P.S. §1-602, provides, *inter alia,* that just compensation, to which the condemnee is entitled, "shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby. . . ."

ference between opinion testimony and factual testimony. The condemnees did not object at that time to such distinction, but merely requested the court to further instruct the jury that most of the testimony presented in the case was opinion testimony. Subsequently the judge added to his charge as follows: "The instructions which I gave you concerning opinion testimony are correct statements of the law. I do not want you to think, however, that there is anything improper about offering opinion testimony, particularly in cases of this type. It is necessary to cases of this type, and those opinions are properly received and may be considered by the Jury, if they accept them and find them credible, but the way in which you can consider opinion testimony is as I outlined it for you during the course of the instructions to you." We cannot find that the trial court erred on this matter or that the jury was misled on the weight to be given to the evidence.

Lastly, the condemnees object to and assign as error the court's instruction, in relation to the testimony of Charles Kasych, Jr. that "the fact that he is an owner and has no expertise in the field of appraising is a factor for you to take into consideration in determining the weight to be given to that testimony."

Pursuant to Section 704 of the Eminent Domain Code, 26 P.S. §1-704, the condemnee, without further qualification, may testify as to just compensation. *See Faith United Presbyterian Church v. Redevelopment Authority,* 7 Pa. Commonwealth Ct. 490, 298 A. 2d 614 (1972). Although permitted to testify and to have his testimony given careful consideration, however, a condemnee is not endowed by Section 704 with the expertise of a real estate appraiser. The court explained carefully to the jury that weight should be given to Mr. Kasych, Jr.'s testimony because he was familiar with his land and the neighborhood in which his land

was located, and not because he possessed any qualifications as an expert real estate appraiser. The court did not err in this portion of its charge.

Upon careful consideration, we find that we cannot agree with any of the reasons advanced by the condemnees as to why a new trial should be granted.

We must, therefore, affirm the order of the court below.