# Commonwealth of Pennsylvania, Department of Transportation *v.* Prescol, Inc., Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*George W. Tracy,* with him *Tracy & McNamee,* for appellant.

*Martin Burman,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 26, 1975:

The paramount question presented in this eminent domain appeal undertaken by Prescol, Inc., the condemnee herein, from an order of the Court of Common Pleas of Montgomery County which affirmed a jury of view award of $2,000.00 for property taken, is whether the trial court

erred in failing to disqualify the Commonwealth's expert witness' testimony concerning the highest and best use of the condemned property. That evidence ascribed the highest and best use of the property to be commercial rather than residential as suggested by the Appellant-condemnee. We hold that no such error occurred in light of our decision in *Patterson v. County of Allegheny,* 15 Pa. Commonwealth Ct. 228, 325 A. 2d 484 (1974).

On January 6, 1971, the Department of Transportation condemned a portion of Appellant's tract situate in Towamencin Township. It lies on the southwest corner of the intersection of two heavily traveled secondary roads, viz., Allentown and Forty-Fort Roads. Crucial to this appeal is the old, three story, brick residential (and so zoned) structure which was bisected by the taking.

A jury of view awarded $4,000.00 to the condemnee as just compensation for the taking and it appealed to the lower court where a jury fixed damages at $2,000.00. Condemnee's motion for a new trial was refused. This appeal followed.

Condemnee's principle contention on appeal, as below in its motion for new trial, is that the trial court erred in permitting the Commonwealth's valuation expert to testify to a highest and best use of the condemned property lower than the present actual use, and which was based on speculative events in futuro. We disagree. A condemnor's expert may testify to a highest and best use which is less than that advanced by the condemnee. We have previously specifically approved that proposition in *Patterson v. County of Allegheny, supra,* 15 Pa. Commonwealth Ct. at 233-34, 325 A. 2d at 487,[1] where the precise situation of the battle of the experts as to highest and best use arose and we there stated:

---

1. Also see *Boring v. Metropolitan Edison Co.,* 435 Pa. 513, 257 A. 2d 565 (1969); *Commonwealth v. Fox,* 16 Pa. Commonwealth Ct. 23, 328 A. 2d 872 (1974), cases in which both the condemnor's and condemnee's highest and best use testimony were in issue.

"Condemnee's principal contention on appeal is that the trial court erred in refusing to adopt the opinion of its experts, alleged to be unrebutted, of the highest and best use of the property as a motel-restaurant-service station complex. A general contractor testified on behalf of condemnee that the property, with imaginative site preparation, was physically adaptable to such a use; and this testimony was neatly complemented by a real estate expert's opinion supported by extensive market studies that there was a public demand for such a use in the relevant market at the time of the condemnation. The trial court admitted this evidence as within the guidelines of Pa. Gas & Water Co. v. Pa. Turnpike Comm., 428 Pa. 74, 236 A. 2d 112 (1967), but, as the fact finder, chose to believe the testimony of condemnor's experts who were of the opinion that the highest and best use of the property was residential with the possibility of future commercial development as a garage, small warehouse, research facility, or other related use of the level front acres and which depended upon easy accessibility from Moon-Clinton Road and the Beaver Valley Expressway. Suffice it to say that the testimony of condemnor's experts was competent and rebutted condemnee's theory of highest and best use, and it is within the province of the trial judge, acting as a jury, to resolve conflicts in this testimony and to weigh the credibilty of the respective witnesses in determining the damages suffered by the condemnee. Glider v. Commonwealth, 435 Pa. 140, 255 A. 2d 542 (1969) ; Kasych v. Commonwealth of Pennsylvania, Department of Transportation, 11 Pa. Commonwealth Ct. 621, 314 A. 2d 575 (1974); Felix v. Baldwin-Whitehall School District, 5 Pa. Commonwealth Ct. 183, 289 A. 2d 788 (1972)."

Therefore, so long as the testimony of condemnor's expert meets the criteria enunciated in *Pa. Gas & Water*

*Co. v. Turnpike Comm., supra,* that the land in question be physically adaptable to that use and that there is a need for such a use in the area as reflected by the market for the property at the time of the condemnation, *see Shillito v. Metropolitan Edison Company,* 434 Pa. 172, 252 A. 2d 650 (1969); *Commonwealth of Pennsylvania, Department of Transportation v. Sapone,* 16 Pa. Commonwealth Ct. 394, 328 A.2d 563 (1974); *Condemnation by the Pennsylvania Turnpike Commission,* 1 Pa. Commonwealth Ct. 66, 272 A.2d 279 (1970), the trial court's ruling must be sustained as not too remote or speculative.[2]

In the present case, the Appellant-condemnee on cross-examination met both of these requirements when its president stated in response to questions as to highest and best use, that the property was "ideal for a commercial corner" and that in fact "Sun Oil wanted to buy it." Under these circumstances it is indeed difficult to say that the Commonwealth's expert's testimony as to commercial use was a mere bold assertion as condemnee presently argues. The Commonwealth's expert posited his opinion upon the fact that the tract was a corner property, situate at the cross-section of two heavily traveled roads and that the other corner was zoned commercial.

---

2. Both parties agree that the instant case is not the usual one in which a highest and best use issue would arise. Appellate case law informs us that usually the condemnee's expert's testimony is in issue when a condemnee attempts to show a use higher than the present use for purposes of receiving the maximum just compensation allowable. *See, e.g., Stoner v. Metropolitan Edison Co.,* 439 Pa. 333, 266 A. 2d 718 (1970); *Shillito v. Metropolitan Edison Co., supra; Commonwealth of Pennsylvania, Department of Transportation v. Sapone, supra.* In this case, condemnee challenges the ability of condemnor's expert to place a highest and best use evaluation on the property, arguing that a condemnor should face the same restrictions on remoteness and speculativeness as would a condemnee. We agree and therefore subject this type of testimony, regardless of the party on whose behalf it is offered, to the strictures of *Pa. Gas and Water Co., supra.*

A conclusion as to commercial use was therefore hardly an unreasonable one. Nor do we accept as persuasive Appellant's argument that the rejection of a previous application for a zoning change of the condemned property in 1969 for use as a gas station is dispositive. Refusal by a zoning board to oppose one type of commercial use does not declare all commercial uses to be unacceptable. Considering the issue before the Court and jury to be one of fact, the highest and best use testimony was a valid subject for consideration and the court properly permitted its admission.

And finally, after carefully reviewing the records, we cannot agree with Appellant that the verdict was against the weight of the evidence. Judge KRAMER, in *Gentzel Corporation v. Borough of State College*, 13 Pa. Commonwealth Ct. 116, 318 A. 2d 415 (1974), extensively reviewed those criteria which if present would justify a finding that the verdict was against the weight of the evidence. We need not here repeat those criteria and the lineage of cases in support thereof, but suffice it to say that after extensive review of the record we find sufficient basis in the record to support the jury's verdict.

Affirmed.