618

In Re: Appeal of the Township of Ross and North Hills School District From the Assessments of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, of Commonwealth Trust Co. of Pittsburgh, et al. Commonwealth Trust Co. of Pittsburgh, Appellant.

In Re: Appeal of the Township of Ross and North Hills School District From the Assessments of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, of McKnight Shopping Center, Inc., Union National Bank of Pittsburgh (Trustee). McKnight Shopping Center, Inc., Union National Bank of Pittsburgh (Trustee), Appellant.

In Re: Appeal of the Township of Ross and North Hills School District From the Assessments of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, of Horne North Development Corp. Horne North Development Corp., Appellant.

In Re: Appeal of the Township of Ross and North Hills School District From the Assessments of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, of Northway Mall, Inc. Northway Mall, Inc., Appellant.

Argued March 11, 1985, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Judd N. Poffinberger, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellants.

*Michael J. Witherel, Gondelman, Baxter, McVerry, Smith, Yatch & Trimm,* for appellees.

*William J. Fahey,* for appellee, Board of Property Assessment, Appeals and Review of Allegheny County.

*Lee A. Donaldson,* for appellee, North Hills School District.

*William W. Milnes,* for appellee, Township of Ross.

*William P. Bresnahan,* for appellee, Allegheny County.

OPINION BY JUDGE PALLADINO, April 18, 1985:

Appellants are four owners of contiguous parcels of real estate which form an enclosed shopping mall in Ross Township, Allegheny County, Pennsylvania. Appellants had appealed to the Board of Property Assessments, Appeals and Review of Allegheny County (Board) from the real estate assessments previously made by the Board for eight tax years, including two triennial periods, 1974-1976 and 1977-1979, and two annual periods, 1980 and 1981. The Board reduced Appellants' assessments and Appellees, the taxing bodies of Ross Township, North Hills School District and Allegheny County, appealed the reduced assessment to the Court of Common Pleas of Allegheny County (trial court).

The trial court held a de novo hearing at which the parties stipulated that the ratio of assessment to fair market value for the two triennial periods was 50% and for the two annual periods was 25% and that the

parcels were to be valued as a single unit. The trial court accepted into evidence the assessment records of the Board and heard testimony from the Appellants' and the Appellees' expert witnesses. After the close of the hearing, the trial court entered an order establishing the fair market value of the subject property for each assessment period. For each period in question the trial court found the fair market value to be greater than the Board's reduced valuation but less than the valuation sought by Appellees.[1]

Appellants now appeal to this Court asserting two basic grounds of error by the trial court: 1) that the trial court improperly weighed the evidence presented and therefore its findings are arbitrary; and 2) that the trial court erred in determining the fair market value of the property when no evidence having been offered and without making a finding that the assessments were not uniform with respect to other real property assessments in the taxing district. We reject both assertions and affirm the order of the trial court.

In a tax assessment appeal the trial court hears the case de novo and determines the fair market value of the property based on the competent evidence presented. When the expert testimony is conflicting, the trial court must determine the weight and credibility it will afford to each expert witness. This Court will not disturb the trial court's determination of fair market value unless there has been an abuse of discretion, a clear error of law or insufficient supporting evidence. *Pittsburgh-Des Moines Steel Co., Inc. v. Laugh-*

---

[1] The respective valuations are as follows:

| Years | Assessment | Appellees | Appellants | Trial Court |
|-------|-----------|-----------|-----------|-------------|
| 1974-76 | $ 7,600,000 | $11,800,000 | $7,590,000 | $ 9,950,000 |
| 1977-79 | $ 8,625,000 | $13,600,000 | $8,100,000 | $11,150,000 |
| 1980 | $11,439,600 | $15,500,000 | $9,200,000 | $12,350,000 |
| 1981 | $11,439,600 | $16,800,000 | $9,595,000 | $13,150,000 |

*lin,* 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983).

With regard to their assertion that the trial court improperly weighed the evidence, Appellants first argue that the testimony of the Appellees' expert witness, Mr. Ellis, was not entitled to be given any weight or credence and consequently the trial court's order is arbitrary. The reasons which Appellants offer to support this argument are that Mr. Ellis' testimony was not competent and that the figures which he used in applying the capitalization of net income approach to reach his opinion of the value of the property are different than the figures used by Appellants' expert witness. We note first that at the trial Appellants stipulated to Mr. Ellis' qualifications as an expert witness. Second, at the time Mr. Ellis was testifying about how he reached his opinion, Appellants did not object or call the trial court's attention to any errors. Our thorough review of the record does not reveal any clear error or abuse of discretion by the trial court. The fact that Mr. Ellis used figures different from those of Appellants' expert witness does not disqualify his testimony. Nor does the fact that the trial court's determination that the fair market value of the property lies between the valuations offered by the expert witnesses render that determination arbitrary. *Pittsburgh-Des Moines Steel Co., Inc.*

Appellants also argue that Appellees did not meet their burden of disproving the prima facie evidence of the Board's assessment records. It has long been established, however, that the proper procedure in a tax assessment appeal is that when the taxing authority presents its assessment record into evidence a prima facie case for the validity of the assessment is made out. But once the taxpayer or municipal appellant presents competent, relevant and credible evidence to rebut the validity of the assessment, the significance

of the Board's assessment figure has served its procedural purpose, its value as an evidentiary device is ended, and the Appellant's testimony must be given due weight. *Deitch Co. v. Board of Property Assessment, Appeals and Review,* 417 Pa. 213, 209 A.2d 397 (1965).

With regard to their assertion that the trial court erred in determining fair market value without sufficient evidence having been presented or a finding made that the assessment lacked uniformity, Appellants argue that this is the only ground upon which Appellees appealed to the trial court. Appellees' Petition for Appeal before the trial court contained the following paragraph:

### SEVENTH

That your Petitioners believe and therefore aver that the aforesaid assessments are illegal and improper for the following reasons:

(a)   The said assessment lacks uniformity;

(b)   The said assessment is illegal in that it violates the laws of the Commonwealth of Pennsylvania, the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

(c)   The said assessment is prejudicial and discriminatory, in that it lacks uniformity with assessments of other real property in Allegheny County and the ratio of its assessed value to its market value is in excess of the ratio commonly prevailing in Allegheny County.

It is apparent that subparagraph 7(b) contains a general averment that the assessment violates the laws of the Commonwealth without reference to lack of uniformity. While the above pleading is not a model of specificity, the procedural rules require only that the facts material to a cause of action be pleaded generally in a concise and summary form. *See* Pa. R.C.P. No.

1019. The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§5020-102—5020-520, (Assessment Law), requires that property be assessed at the "actual value thereof, and at such rates and prices for which the same would separately bona fide sell." *Id.* at 5020-402. The Assessment Law also provides that any owner of real estate or corporate authority which feels aggrieved by an assessment *or valuation* of real estate may appeal to the Court of Common Pleas. *Id.* at §§5020-518.1, 5020-520 (emphasis added). Additionally, the Assessment Law provides that on appeal the court shall determine the market value of the property and the common level ratio, however, no appellant is prevented from appealing a valuation without reference to the ratio. *Id.* at §5020-518.2.

In the case at bar, Appellees did appeal the valuation without reference to the ratio on the basis that the Board had not assessed the property at its actual value.[2] The fact that they also raised a question of uniformity does not eliminate their grievance with the valuation. The trial court found that the valuation was incorrect and entered its order accordingly. The order was based upon the stipulation of the parties and the competent, relevant and sufficient evidence presented at trial.

We, therefore, affirm.

ORDER IN 2151 C.D. 1983

AND Now, April 18, 1985, the order of the Court of Common Pleas of Allegheny County dated July 12, 1983 in the above-captioned case is affirmed.

---

[2] We note that the parties stipulated as to the ratio of assessment to fair market value at the hearing. It would appear, therefore, that Appellees' dispute with the established predetermined ratio raised in subparagraph 7(c) of their Petition for Appeal was resolved by agreement between the parties prior to the hearing.

#### Order in 2152 C.D. 1983

And Now, April 18, 1985, the order of the Court of Common Pleas of Allegheny County dated July 12, 1983 in the above-captioned case is affirmed.

#### Order in 2153 C.D. 1983

And Now, April 18, 1985, the order of the Court of Common Pleas of Allegheny County dated July 12, 1983 in the above-captioned case is affirmed.

#### Order in 2154 C.D. 1983

And Now, April 18, 1985, the order of the Court of Common Pleas of Allegheny County dated July 12, 1983 in the above-captioned case is affirmed.