In Re: Appeal of Duquesne Club From Action of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, on Property Situate in the Second Ward of the City of Pittsburgh. City of Pittsburgh, Appellant.

In Re: Appeal of Duquesne Club From Action of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, on Property Situate in the Second Ward of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued March 14, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

16

Ira Weiss, Deputy County Solicitor, with him, James H. McLean, County Solicitor, and D. R. Pellegrini, City Solicitor, for appellant.

Leonard M. Mendelson, Hollinshead & Mendelson, for appellee, Duquesne Club.

OPINION BY JUDGE PALLADINO, September 17, 1985:

The City of Pittsburgh (City) appeals from a decision of the Court of Common Pleas of Allegheny County (trial court) which determined the fair market value (fmv) of the property of the Duquesne Club (Appellee) for the years 1981, 1982 and 1983.

Appellee is a private club located in the Second Ward of the City. Following assessments for 1981 and 1982 by the Board of Property Assessment, Appeals and Review (Board), Appellee appealed to the trial court, which held a de novo hearing. The trial court also consented to decide the 1983 assessment, although the Board had not yet addressed it. The parties stipulated that the assessment ratio to be applied to the fmv for all three years was twenty-five percent (25%). Following the hearing, the trial court, on September 27, 1983, issued its non-jury verdict establishing the fmv of Appellee's property as:

|          | Land       | Building   | Total       |
|----------|-----------|-----------|-------------|
| 1981:    | 2,500,000 | 2,000,000 | 4,500,000   |
| 1982:    | 3,000,000 | 2,000,000 | 5,000,000   |
| 1983:    | 3,500,000 | 2,000,000 | 5,500,000   |

The next day, September 28, 1983, the trial court issued a corrected non-jury verdict in which the fmv was determined to be:

|          | Land       | Building   | Total       |
|----------|-----------|-----------|-------------|
| 1981:    | 2,227,000 | 2,000,000 | 4,227,200   |
| 1982:    | 2,296,800 | 2,000,000 | 4,296,800   |
| 1983:    | 2,366,400 | 2,000,000 | 4,366,400   |

The City then filed a Petition for Reconsideration which the trial court granted on October 12, 1983. Following reconsideration, the trial court reaffirmed its corrected verdict, and this appeal followed.

The City has presented three issues for our consideration:

1) Whether the trial court committed reversible error in *sua sponte* entering a corrected non-jury verdict;

2) Whether the trial court erred in failing to strike the testimony of Appellee's expert witness, E. Rod Lenhart, because of his failure to utilize the three statutorily-approved valuation approaches in his fmv appraisal for 1983; and

3) Whether the decision of the trial court is supported by competent evidence.

We will address each argument in turn.[1]

The City's first argument is that the trial court was without authority to issue a corrected verdict in

---

[1] Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by the evidence. *Appeal of Township of Ross*, 88 Pa. Commonwealth Ct. 618, 491 A.2d 929 (1985).

the absence of a motion by either party. This contention is without merit. The authority for the trial court's action lies in 42 Pa. C. S. §5505, which states;

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

In the instant case the trial court modified its verdict the following day, prior to the taking of an appeal and well within the section's thirty-day time limit.[2] We hold, therefore, that the trial court's issuance of a corrected verdict was not erroneous.

The City's second argument is that for the 1983 assessment the trial court erred by not striking the testimony of Appellee's expert, Mr. Lenhart. The City relies on Section 2 of the Act of December 13, 1982, P.L. 1186, 72 P.S. §5452.4(a. 1)-(a. 3), which requires the Board to consider in conjunction three approaches to valuation. These are: cost, comparable sales and income. 72 P.S. §5452.4(a. 2). It is the City's position that, because Mr. Lenhart used only the comparable sales approach, his testimony is incompetent. At the *de novo* hearing the City moved to have Mr. Lenhart's testimony stricken but the trial court denied the motion.[3]

We must uphold the trial court's action. Mr. Lenhart's failure to utilize all three approaches does not

---

[2] We note that even after an appeal has been taken a trial court may correct formal errors in its order. *See* Pa. R.A.P. 1701.

[3] The City did not object to Mr. Lenhart's testimony for 1981 and 1982 on this basis, because the statutory authority upon which the City relies was enacted in December of 1982. It is, therefore, only applicable for subsequent tax years.

render his testimony incompetent. The statute does not require expert testimony to consider all three approaches. It only requires the Board to consider all three approaches in conjunction. The trial court, as fact finder, was aware of the approach used in Mr. Lenhart's appraisal and was empowered to decide the weight to be accorded to such testimony. Absent an abuse of discretion or error of law, the trial court's credibility determinations are binding on this Court. *Pittsburgh-Des Moines Steel Co., Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983). We find no such error, and hold that Mr. Lenhart's testimony for the 1983 appraisal was properly admitted.

The City's final argument is that the trial court's verdict is not supported by competent evidence. The City introduced the expert testimony of Mr. Ellis; Appellee offered the testimony of Mr. Lenhart. The parties stipulated that both witnesses were qualified experts. The appraisals are as follows:

|       | Board of Assessment | Ellis (City) | Lenhart (Appellee) | Trial Court |
|-------|---------------------|--------------|--------------------|-------------|
| 1981: | 1,600,000           | 7,500,000    | 3,800,000          | 4,227,200   |
| 1982: | 1,600,000           | 7,600,000    | 3,800,000          | 4,296,800   |
| 1983: | ————                | 7,800,000    | 3,800,000          | 4,366,400   |

Where, as here, the testimony of qualified experts conflicts, the trial court's findings on the fmv will not be disturbed absent an abuse of discretion or clear error of law. The fact that the trial court's determination of the fmv lies between the valuations offered by the expert witnesses indicates that it properly performed its role as fact finder. Because our examination of the record has revealed substantial evidence to support the trial court's decision, we affirm.

20

## ORDER

AND Now, September 17, 1985, the decision of the Court of Common Pleas of Allegheny County, dated May 21, 1984, at G.D. 82-02275 is affirmed.

Judge ROGERS did not participate in this decision.

Judge BARRY did not participate in the decision in this case.