576 A.2d 106

In re Appeal of MARPLE SPRINGFIELD CENTER, INC., a Pa. Corp., from Decision of Board of Assessment Appeals of Delaware County, Relating to premises known as Marple Springfield Shopping Center, Route 320, West of Route 1, Marple Township, Delaware County, PA., for Year 1988, Folio No. 25-00-04629-00.

Appeal of MARPLE NEWTOWN SCHOOL DISTRICT,

In re Appeal of MARPLE SPRINGFIELD CENTER, INC., a Pa. Corp. from Decision of Board of Assessment Appeals of Delaware County, Relating to Premises Known as Marple Springfield Shopping Center, Route 320, West of Route 1, Marple Township, Delaware County, Pa., for Year 1988, Folio No. 25-00-04629-00.

Appeal of The TOWNSHIP OF MARPLE and The Board of Assessment Appeals of Delaware County.

Commonwealth Court of Pennsylvania.

Argued March 8, 1990.

Decided June 6, 1990.

Reargument Denied July 18, 1990.

Petition for Allowance of Appeal Granted Jan. 2, 1991.

Vram Nedurian, Jr., for appellant, Marple Newtown School Dist.

A. Leo Sereni, for appellant, Bd. of Assessment Appeals of Delaware County.

Michael F.X. Gillin, for appellant, Marple Tp.

Walter T. ReDavid, for appellee, Marple Springfield Shopping Center.

Before COLINS, PALLADINO and PELLEGRINI, JJ.

PALLADINO, Judge.

Delaware County Board of Assessment Appeals (Board), Marple Newtown School District, and the Township of Marple (collectively Appellants) appeal from an order of the Court of Common Pleas of Delaware County (trial court) fixing the market value and tax assessment of the property owned by Marple Springfield Center, Inc. (Taxpayer) known as Marple Springfield Shopping Center (property).[1]

The property is a shopping center situated in Marple Township. The shopping center consists of a main building which has two stories and a basement, a garden mart, and "strip" stores. In 1968, Klein's Inc. entered into a twenty-five year lease for a large portion of the shopping center

---

**1.** The appeal of Maple Newtown School District, 1326 C.D.1989, and the appeal of the Township of Marple and the Board of Assessment Appeals of Delaware County, 1439 C.D.1989, were consolidated for argument.

with a right to renew for five ten-year periods. Klein's sublets a portion of its rental area.

The Board fixed the fair market value of the property for tax purposes for the years 1988 and 1989 at $19.5 million. Taxpayer appealed to the Board for a tax reduction and that appeal was denied. Taxpayer appealed to the trial court.

Before the trial court, Taxpayer presented the testimony of its expert, Mr. Mozino, who testified with regard to the fair market value of the property for the years in question using the capitalization-of-income approach for both years and the market data approach for 1989. Appellants presented the testimony of Mr. Armitage who testified with respect to the market values of the property for the years in question using both the capitalization-of-income and market data approaches. The trial court entered an order assessing the fair market value of the property at $7 million for 1988 and $8.5 million for 1989 relying in part upon Mr. Mozino's capitalization-of-income approach and in part upon Mr. Armitage's market data approach.

On appeal to this court,[2] Appellants contend that (1) the trial court erred by relying on Taxpayer's expert's capitalization-of-income approach because it was based on income from contract rent which was less than market rent, (2) the trial court erred by refusing to admit and consider evidence of a plan to convert the second floor of one of the buildings to an office use, to refurbish the facades of the strip stores by the tenants, and to construct a multiplex theater on seven acres of unused land, and (3) Mr. Mozino's appraisal is not credible because he used a vacancy factor in computing projected net income from fully occupied stores and used a tax factor in the capitalization rate where the tenants paid part of the tax.

█ In computing the value of the property by using the

2. Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by the evidence. *City of Pittsburgh Appeal,* 92 Pa. Commonwealth Ct. 15, 498 A.2d 459 (1985).

capitalization-of-income approach,[3] Mr. Mozino used the rent which Taxpayer would receive from the leases. Appellants contend that the trial court erred in relying on the capitalization-of-income approach because it is based on the lease rent which is less than the market rent. They contend that the encumbrance of a long term lease at a lower than market level rent should not affect the property's fair market value assessment for tax purposes. They contend that where the rent is below market rent, the true value of the income produced by the property is not captured. We agree.

Section 402 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–402, requires that all objects of taxation be valued "according to the actual value thereof, and at such rates and prices for which the same would separately bona fide sell." We believe that this statute requires that valuations of property be in their unencumbered form. It is the property itself and not the owners' use or the effect of the owners' use which is assessed for tax purposes. A landowner is not relieved of his tax burden merely because he does not secure the most profitable use of his land.

Ordinarily, the capitalization-of-income approach is appropriate when assessing the value of rental property. However, there is an underlying assumption that the property is rented at a fair market level. In this case, it is not disputed that the property is not being so rented. Consequently, we hold that where a property is rented at less then fair market level, a trial court may not rely on a capitalization-of-income approach which is based on the current rental income rather than the market level rental

**3.** "The [capitalization-of-income] approach calculates the value of income-producing property by capitalizing the property's annual net income. Net income, the principal component in the calculation, is derived by deducting the property's actual annual expenses from the year's gross income." *City of Wilkes–Barre Industrial Development Authority v. Board of Tax Assessment Appeals of the County of Luzerne*, 89 Pa.Commonwealth Ct. 182, 184 n. 1, 492 A.2d 113, 115 n. 1 (1985).

income. Because the trial court erred in relying on Mr. Mozino's capitalization-of-income approach, we must remand for a new trial.[4]

■ Taxpayer contends that it is the rental income which it actually received which is the relevant inquiry. Taxpayer cites *In re Johnstown Associates*, 494 Pa. 433, 431 A.2d 932 (1981), as authority. We find *Johnstown*, to be factually distinguishable.

In *Johnstown*, the property in question was a low income apartment building which was subsidized by the Department of Housing and Urban Development (HUD). The supreme court held that the trial court erred by failing to consider the effect of rent and sales restrictions placed on the property by HUD in determining the property's market value. However, in *Johnstown*, the property was federally regulated. Such regulation would be necessary to ensure the success of the low income housing program. In this case, there are no federal regulations involved. Taxpayer freely chose the use of the property without comparable regulatory restrictions.

■ Appellants next contend that the trial court erred in failing to admit and consider evidence "that Klein was making improvements to the leasehold, at its expense, and other tenants were in a joint venture with taxpayer to share expenses in improving facades." Appellants' brief at 33–34. Our review of the record indicates that Appellants attempted to introduce this evidence to establish Taxpayer's ownership interest in the Klein Building. N.T. at 74–75. However, it is the whole property, not the owner's encumbered interest in the property which is assessed for tax purposes. Therefore, Taxpayer's ownership interest in the property is not relevant to the inquiry at hand; and there was no error in refusing to admit this evidence for this purpose.

■ Appellants next contend that the trial court erred in failing to consider the proposed construction of a multi-

4. Because we conclude that the trial court erred by relying on the capitalization-of-income approach used by Mr. Mozino, we need not address Appellant's arguments that Mr. Mozino's expert testimony was not credible.

plex eight screen movie theater on the property. Appellants contend that in determining the fair market value of property, probable as opposed to remote or speculative zoning changes may be considered. Appellants cite *Snyder v. Commonwealth*, 412 Pa. 15, 192 A.2d 650 (1963) and *Kasych v. Department of Transportation*, 11 Pa. Commonwealth Ct. 621, 314 A.2d 575 (1974).[5] Appellants contend that because the issuance of the variance was probable and not remote, the plans to construct the theater should have been considered by the trial court.

"Whatever factors are based upon a reasonable probability existing at the time of the assessment, as opposed to pure speculation, are relevant on the question of value...." *McKnight Shopping Center v. Board of Property Assessment*, 417 Pa. 234, 241, 209 A.2d 389, 393 (1965). Taxpayer had plans to build a multiplex eight screen theater. To build the theater, Taxpayer was required to obtain a variance. Although the application for a variance had been submitted prior to January 1, 1989, the variance was not issued until sometime thereafter. We conclude that the possibility that a variance may be issued is too speculative to permit such plans to be admitted. Therefore, the trial court did not err in precluding this evidence.

Accordingly, we vacate the order of the trial court and remand to the trial court for proceedings consistent with this opinion.

### ORDER

AND NOW, June 6, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is vacated and the matter is remanded for a new trial.

Former President Judge CRUMLISH did not participate in the decision in this case.

---

**5.** Although *Snyder* and *Kasych* involved changes in zoning classifications in eminent domain proceedings, Appellants contend that the rule is equally applicable to the probable issuance of a variance.

COLINS, Judge, dissenting.

I must strongly dissent from the conclusions of the majority.

As noted, Section 402 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–402, requires that all objects of taxation be valued "according to the actual value thereof, and at such rates and prices for which the same would separately bona fide sell." To enact a requirement that the property be stripped of all encumbrances, and then have its value determined, flies in the face of the clear statutory language. In using the capitalization of income approach, it is the present income of the property, as restricted by existing leases and encumbrances, which determines the market value of the property. The property itself must be considered in its present existing form and not a hypothetical future form. That is why assessments are done on an annual timely basis, rather than using a formula for future net worth.

I would affirm the trial court on all issues.